EX PARTE CÓRDOVA.

APPEAL from the District Court of San Juan.

No. 90.—Decided June 1, 1904.

DOMINION TITLE—NULLITY OF PROCEEDINGS.—Where, in a proceeding to obtain
a dominion title, the taking of the evidence occurred after sixty days from
the time of the publication of the first notice, and only two had been pub-
lished, and this was done without the order of the court, the proceedings
are void and preclude the declaration of ownership applied for.

ID.—Property owners having a public instrument showing the ownership of
an estate in their favor cannot take advantage of the procedure for ob-
taining a dominion title for the purpose of curing defects contained in their
titles, but the same should be remedied by the means provided by the Mort-
gage Law.

STATEMENT OF THE CASE.

This is a case prosecuted in the District Court of San
Juan at the instance of Ramón Córdova Díaz, to prove the
ownership of a lot situated in *barrio* Cataño of the municipal
district of Bayamón, now pending before us on appeal taken
by counsel for the petitioner from a judgment rendered in
the said court, a copy of which reads as follows, to wit:

"San Juan, Porto Rico, July 30, 1903. Ramón Córdova Díaz
made an application to this court praying that he be granted a do-
minion title to a parcel of land situated in the *barrio* of Cataño of
Bayamón, setting forth that he acquired the property aforesaid by
purchase from Juan R. Ramos Vélez, who had acquired the same in
a like manner from Dolores Taforó, María de la Cruz Taforó and
Pedro Pastor, according to deeds dated January 15, 1902, and March
28, 1893, which accompanied the petition, and proposing the testi-
mony of witnesses to prove his right.

"Citation having been issued to the Department of Justice and
Juan R. Ramos, the former possessor of the parcel of land in ques-
tion, the evidence proposed was ordered to be heard two notices
having been published in the newspaper 'El País' of San Juan, in
the editions of October 17 and 18, 1902, citing unknown persons and
all those who might consider themselves to possess some right to

the property, in order that within the period of sixty ordinary days they might oppose the application, which notices were not ordered to be published by the court, and it not appearing that the same were ordered to be posted in the customary place in this court for the information of the public.

"Three deeds were attached to the record, the date upon which they were so attached not appearing. Nor does it appear that they were so attached by any order of the court, and no writing appears to have accompanied their presentation. One of the said deeds is a promise to sell executed on January 14, 1851, by Ana María Dávila, in favor of the firm 'Vapor de Cataño,' and the witnesses Raimundo Rodríguez and Pedro Colón testified, the former on February 5 and the latter on March 6, last, to the effect that they knew the facts set forth in the petition to be true, and that the petitioner has enjoyed the quiet and peaceful possesion of the real estate which is the subject of this proceeding ever since he acquired the same.

"The fact that the evidence was taken out of time, that is to say, sixty days after the publication of the first notice, and the fact that two only were published, and they not having been ordered published by the court, so vitiates the proceedings as to preclude the court from legally granting the dominion title sought.

"On the other hand, as may be seen from the deeds filed with the initial petition in this case, and from those afterwards attached to the record, written titles to the parcel of land in question do exist, arising from the deed of promise of sale executed in 1851 (14th of January) by Ana María Dávila in favor of the firm 'Vapor de Cataño,' the inscription of which was suspended by the Registrar of Property of San Juan on March 30, 1892, for reasons not stated; but which in any event must have been defects capable of correction since the inscription was not denied, which defects must be corrected in the manner provided for by the Mortgage Law, and not by means of a proceeding to obtain a dominion title, which is provided for other purposes.

In view of articles .................... of the Mortgage Law, the application for dominion title is denied. It was so decided by the court, the judges of which sign, to which I certify, Juan Morera Martínez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vas."

From the foregoing judgment counsel for the petitioner took an appeal, which was allowed both for a stay of proceed-

ings and for review, and the record having been sent up to this Supreme Court, and the parties having been cited and summoned, and the appellant having appeared and duly perfected the appeal, a day was set for the hearing, at which counsel for the appellant and the *fiscal* of this court were present.

*Mr. Emigdio S. Ginorio,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

MR. CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court.

We accept the findings of fact and conclusions of law contained in the judgment appealed from.

In view of the provisions of article 395 of the Mortgage Law in force, we adjudge that we should affirm and do affirm the judgment above quoted, with costs against the appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing in this case.